Carlzell **WRIGHT, Plaintiff,**

v.

David **THOMPSON, Warden; Mr. Lopez, Deputy Warden; Capt. Williams; Ofc. Woodard; Dr. Vinueza; Nurse Jinks; and Nurse James, Defendants.**

Civ. A. No. 494–203.

United States District Court, S.D. Georgia, Savannah Division.

Feb. 17, 1995.

Carlzell Wright, Thomasville, GA, pro se.

Lester Benjamin Johnson, III, Lester B. Johnson III, P.C., Linzie F. Bogan, Savannah, GA, for Williams, Woodard.

William Phillips Tinkler, Jr., Stephen D. Morrison, Jr., Tinkler & Groff, Decatur, GA, for Dr. Vinueza, Jinks, James.

### *ORDER*

EDENFIELD, Chief Judge.

The Magistrate Judge issued a Report and Recommendation in this § 1983 action on January 26, 1995. After a careful *de novo* review of the record in this case, the Court finds that it. must reject the Magistrate Judge's conclusions and grant Defendants' motion for summary judgment.

### I

This suit concerns an injury to Plaintiff's ankle at the Coastal Correctional Institution on or about November 27, 1993. He alleged that the medical staff and certain correction-

al officers stopped accommodating his injury and began to "mistreat" him; they allegedly deprived Plaintiff of his walking cane and other medical devices and gave him on work details he was unable to perform on account of his injury.

Defendants filed their motion for summary judgment on December 27, 1994, more than two months before the expiration of the discovery period. Plaintiff responded by requesting more time to "gather evidence," i.e., pursue further discovery. The Magistrate Judge, even though Defendants' motion was based on qualified immunity from suit, held that the Plaintiff should be given "sufficient opportunity to develop evidence in support of his allegations," and denied Defendants' motion as premature.

## II

■ The Court recognizes both the Magistrate Judge's concerns and the fact that he deferred Defendants' motion instead of rejecting it outright. The defense of qualified immunity, however, is not intended to apply only after discovery is complete. "Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, *including discovery*)[.]" *Lassiter v. Alabama A & M Univ.*, 28 F.3d 1146, 1149 (11th Cir.1994) (emphasis added). There is no discovery if resolution of the immunity question—a "threshold" issue—can end the case. This has been established law since at least 1982. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). *See also Hunter v. Bryant*, 502 U.S. 224, 226, 112 S.Ct. 534, 536, 116 L.Ed.2d 589 (1991) ("we repeatedly have stressed the importance of resolving immunity questions *at the earliest possible stage in litigation*") (emphasis added); *Siegert v. Gilley*, 500 U.S. 226, 231–33, 111 S.Ct. 1789, 1792–94, 114 L.Ed.2d 277 (1991) (discovery should be stopped pending resolution of immunity issue); *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985) (same). "Earliest possible stage of litigation" means just that; and if the "earliest possible stage" comes before the conclusion of discovery, then the issue should be resolved before the conclusion of discovery.

■ The primary rationale behind the qualified immunity doctrine is to protect state officials from the burdens of litigation in all instances except those in which "a government agent's act is so obviously wrong, in light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing[.]" *Lassiter*, 28 F.3d at 1149. The standard is a tough one; *immunity is the rule, not the exception. Id.* Immunity will be lifted only if the conduct of government officials, while performing discretionary functions, violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738.

> For the law to be clearly established to the point that qualified immunity does not apply, the law must have earlier been developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that "what he is doing" violates federal law.... Qualified immunity is a doctrine that focuses on the actual, on the specific, on the details of concrete cases.

*Lassiter*, 28 F.3d at 1149–50 (citing *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987)).

■ In this case, Plaintiff's Complaint makes clear the outlines of his claim. Further discovery may bolster his contentions, but it will not substantively change them. The language of the Complaint is a bit confusing, but relates the following: On November 27, 1993 Plaintiff hurt his ankle and foot playing football. He was subsequently examined and given crutches, a brace, and a special shoe. Some time after the injury, he filed a grievance against a corrections officer who allegedly refused him a meal because he did not traverse a set of stairs fast enough. Plaintiff was later moved to another building and put on kitchen detail. His crutches, however, soon began to hurt his underarms, so he requested—and was given—a cane instead.

At some point after getting the cane, Plaintiff says Defendant Lopez remarked that Plaintiff should not be working with an injured foot, and moved him back to his old building. About thirty minutes after this discussion, Plaintiff met with Defendants Williams, Woodard, and Jinks, whom he says "snatched" the cane from him and started laughing at him. At some point a short time later, Defendant James suggested that Plaintiff be allowed the brace and shoe; Dr. Vinueza concurred and told Plaintiff that "the exercise will do you good." Some time later Ms. Anderson, a dietician at the prison, apparently told Plaintiff that considering the condition of his foot, he should not be working at all. Plaintiff then signed up for sick call, but was told not to come to sick call again. He later filed this § 1983 action, demanding a million dollars in damages.

Even accepting all of Plaintiff's allegations as true,[1] if an attorney had filed this suit the Court would be tempted to sanction him or her for wasting its time. The Magistrate Judge rejected the most frivolous of Plaintiff's claims in his order of September 8, 1994 when he dismissed Defendants Thompson and Lopez, but he was too generous in sparing any of them. Here, the only law that is "clearly established" is that Defendants did not violate any of Plaintiff's constitutional rights.

Under the Eighth Amendment, prisoners have a right to receive medical treatment for serious illness and injury. *Estelle v. Gamble*, 429 U.S. 97, 103–05, 97 S.Ct. 285, 290–92, 50 L.Ed.2d 251 (1976). Prison staff who display "deliberate indifference" to the serious medical needs of a prisoner violate the Eighth Amendment and may be held liable under § 1983. *Id.* at 104–05, 97 S.Ct. at 291–92. For example, knowledge of the need for medical care coupled with the intentional refusal to provide that care can constitute deliberate indifference. *See, e.g., Mandel v. Doe*, 888 F.2d 783, 788 (11th Cir.1989). Delay in treatment of serious and painful injuries may also violate the Constitution. *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th

Cir.), *cert. denied*, 496 U.S. 928, 110 S.Ct. 2624, 110 L.Ed.2d 645 (1990).

However, the deliberate indifference proscribed by the Eighth Amendment must be so egregious as to constitute cruel and unusual punishment, *Estelle*, 429 U.S. at 104–05, 97 S.Ct. at 291–92; *Waldrop v. Evans*, 871 F.2d 1030 at 1033 (11th Cir.1989); it must involve "the unnecessary and wanton infliction of pain contrary to contemporary standards of decency." *Helling v. McKinney*, — U.S. ——, ——, 113 S.Ct. 2475, 2480, 125 L.Ed.2d 22 (1993) (citing *Estelle*, 429 U.S. at 104, 97 S.Ct. at 291). Mistakes, negligence, and medical malpractice "are not constitutional violation[s] merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292; *Harris v. Coweta County*, 21 F.3d 388, 393 (11th Cir.1994). Differences in medical opinion also do not amount to a constitutional violation. *Waldrop*, 871 F.2d at 1033 (citing *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir.1977)).

The Court has found no factually similar cases clearly establishing the illegality of Defendants' conduct because Defendants' conduct does not approach illegality under the above standards. Consequently, Defendants must prevail, even if Plaintiff is still "gathering evidence."

### III

The Court realizes that Plaintiff Wright is not legally trained and cannot accurately assess the merits of all his claims or his ability to survive a motion for summary judgment. This does not, however, change the fact that Plaintiff alleges no viable claims under current law or that dismissal of this action should not await the end of formal discovery. Defendants' motion for summary judgment on grounds of qualified immunity is hereby **GRANTED.**

SO ORDERED.

---

1. Defendants filed their own statement of facts in support of their motion for summary judgment, but for purposes of this order the Court will accept Plaintiff's version of events.